UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC. and WWE LIBRARIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AWA WRESTLING ENTERTAINMENT, INC., and DALE R. GAGNER, an individual, a/k/a DALE R. GAGNE, a/k/a DALE GAGNE, <br><br> Defendants. | Civil Action No. 07-2058 ADM/JSM <br><br><br> **JOINT RULE 26(F) REPORT** |

The parties/counsel identified below participated via telephone in the meeting required by Fed.R.Civ.P. 26(f), on June 4, 2007, and prepared the following report during that call and through subsequent communications.

The parties June 4, 2007 conference was attended as follows:

(a) On behalf of Plaintiffs World Wrestling Entertainment, Inc. and WWE Libraries, Inc. (collectively, "WWE"), Surya Saxena of Dorsey & Whitney LLP and Curtis B. Krasik and Christopher Verdini of Kirkpatrick and Lockhart Preston Gates Ellis, LLP.

(b) On behalf of Defendants, Dale R. Gagner (pro se)

The pretrial conference in this matter is scheduled for June 25, 2007 at 9:45 a.m. before the United States Magistrate Judge Janie S. Mayeron in Chambers 8E, Federal Courts Building, 300 South Forth Street, Minneapolis, Minnesota. In accordance with the Court's order, the parties have agreed to hold the pretrial conference by telephone and will confirm that agreement with the Court clerk after this joint report has been filed.

**I.     DESCRIPTION OF CASE**

    **A.     Concise Factual Summary of Plaintiffs' Claims**

This action arises out of Defendants' unlawful exploitation of WWE's federally-registered AMERICAN WRESTLING ASSOCIATION and AWA marks (collectively, the "AWA Marks"). Defendants are using the AWA Marks to misrepresent that Defendants are the successors to and/or affiliated with the AMERICAN WRESTLING ASSOCIATION—a long-time wrestling organization operated out of Minneapolis, Minnesota by the legendary Verne Gagne between approximately 1960 through the 1990's. WWE rightfully acquired the AWA Marks, along with certain other intellectual property rights, from various corporate entities that Mr. Gagne owned and/or controlled. WWE seeks injunctive relief and monetary damages resulting from Defendants' activities which are in violation of §§ 32, 43(a) and 43(d) of the Lanham Act and the Minnesota Uniform Deceptive Trade Practices Act.

This is not the first time that Defendant Gagner has been sued for his infringement and unlawful exploitation of the AWA Marks. On April 18, 1990, Minneapolis Boxing & Wrestling Club, Inc., which at the time owned and operated the AWA wrestling promotion and owned the AWA Marks, sued Defendant Gagner in United States District Court for the District of Minnesota at Docket No. 4:90-cv-00297-HHM-FLM and obtained a preliminary and permanent injunction enjoining Gagner and his accomplices from, *inter alia*, using in any manner the AWA Marks or any colorable imitation of the AWA Marks and making any representation or distributing promotional material likely to cause others to believe he was associated with the AWA—in other words, the precise conduct underlying WWE claims here. WWE intends to expeditiously move for an order to show cause why Gagner should not be found in civil contempt of the permanent injunction, which remains in full force and effect.

B.     **Concise Factual Summary of Defendant's claims/defenses**

AWA Wrestling Entertainment, Inc. and Dale R. Gagner deny Plaintiff's claims and object to the Concise Factual Summary as outlined in the Description of the Case by Plaintiff WWE.  AWA Wrestling Entertainment, Inc. and Dale R. Gagner have not unlawfully exploited WWE's federally-registered AMERICAN WRESTLING ASSOCIATION and AWA marks collectively, the "AWA Marks").  AWA Wrestling Entertainment, Inc. and Dale R. Gagner incorporated, registered and filed the certificate of assumed name in the State of Minnesota in 1996, three years after Verne C. Gagne abandoned the marks through federal bankruptcy of all his corporate and personal assets (Verne C. Gagne, debtor, United States Bankruptcy Court for the District of Minnesota at Docket No. BKY 4-93-4509).  WWE fraudulently acquired property that was misrepresented in the bankruptcy of Verne C. Gagne, specifically archived video tape footage that was listed at a value of less than $7,500.00 and identified as "video tapes" to deceive the court, creditors and trustee.

WWE has been aware of AWA Wrestling Entertainment, Inc. and Dale Gagner's rightful ownership of the AWA marks on or before 1999.  Both Defendants AWA Wrestling Entertainment, Inc. and Dale R. Gagner have worked with employees of WWE and Chairman Vince McMahon since this time.  WWE has attempted to federally trademark the AWA marks and intellectual property knowing that they are properly owned and registered by the Defendants.

AWA Wrestling Entertainment and Dale R. Gagner has not violated any court order or valid injunction.  No such order remains in full force and effect.  The injunction referred to by Plaintiff WWE granted on April 18, 1990 expired with the bankruptcy of Verne C. Gagne and dissolution of Minneapolis Boxing and Wrestling Club, Inc.  Defendant waited three (3) years after the bankruptcy and dissolution to incorporate, register and file the assumed AWA marks in the State of Minnesota.  WWE's attempt to enforce an injunction they claim is in effect, even though they were not a party in the case, is a terrible misuse of the legal system and has no

3

relevance or legal precedent to their claims.

Defendants have stated in their Prayer for Relief that the Complaint against them be dismissed with prejudice and the Plaintiffs are awarded nothing.  That Defendants be awarded any fees, costs and disbursements incurred in defending this matter and that Defendant is awarded equitable relief and damages, as this Court deems just and proper, for Plaintiffs use of Defendant's registered AWA Marks.

### C.   Statement of Jurisdiction (including statutory citations)

This Court has original jurisdiction over the subject matter of WWE's claims brought under the Lanham Act, 15 U.S.C. § 1051, *et. seq.*, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction of WWE's state law claims pursuant to 28 U.S.C. § 1367.

Personal jurisdiction is not contested, as Defendants both reside in the District of Minnesota.

### D.   Summary of Factual Stipulations or Agreements

The parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  AWA Wrestling Entertainment, Inc. and Dale R. Gagner, Defendants, state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of any proposed factual stipulation.  Therefore, the parties have made no factual stipulations or agreements.

### E.   Statement of whether jury trial has been timely demanded by any party

Plaintiffs have demanded a trial by jury.

### F.   Pleadings

The complaint and answer have been filed in this case.

Defendants have advised that they intend to file an amended answer that includes the assertion of certain counterclaims against WWE on or before July 30, 2007.

The parties should be allowed until August 31, 2007 to file motions to join additional parties or to file motions to amend the pleadings.

## II.     DISCOVERY

### A.     Discovery Limitations

The parties agree and recommend that the use and numbers of discovery procedures shall be in accordance with the Federal Rules of Civil Procedure.

### B.     Discovery Schedule/Deadlines

The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made by both parties on or before July 30, 2007.

The parties recommend that the Court establish the following discovery deadlines:

(a) A six-month deadline, ending December 21, 2007, for completion of non-expert discovery, including service and response to interrogatories, document requests, requests for admission and scheduling of factual depositions.

(b) Discovery will not be conducted in phases.

### C.     Protective Order

The parties anticipate submitting a Protective Order for handling the protection of confidential information.

### D.     Experts

Plaintiffs have not yet determined whether they will call expert witnesses at trial.

Defendants have determined they will call expert witness at trial but have not yet decided on the number of such witnesses.

5

The parties recommend that the Court establish the following deadlines for disclosure of the identity of experts and experts' opinions consistent with Rule 26(a)(2), as modified by Local Rule 26.3:

(a) A deadline of January 31, 2008 for the disclosure of expert reports by Plaintiffs and Defendants;

(b) A deadline of February 29, 2008 for the disclosure of rebuttal expert reports by Plaintiffs and Defendants;

(c) A deadline of March 21, 2008 for the completion of expert witness depositions, if any.

### E. Electronic Discovery

The parties discussed the retention and discovery of electronically stored information. The parties have not come to any specific agreement regarding the format of production of any electronic data exchanged in discovery, but will meet and confer regarding such format if necessary.

## III. MOTION/TRIAL SCHEDULE

### A. Dispositive Motions

The parties recommend that dispositive motions be filed and served on or before April 30, 2008. The parties recommend that motions in limine and other pretrial motions be filed and served prior to the pretrial conference.

### B. Trial-Ready Date

The parties agree that the case will be ready for trial on or after June 2, 2008 or thirty (30) days after the disposition of any dispositive motions, whichever date is later.

### C. Pretrial Conference

A final pretrial conference should be held on or before June 30, 2008 or thirty (30) days after the disposition of any dispositive motions, which ever date is later.

## IV. INSURANCE CARRIERS/INDEMNITORS

Plaintiffs state that Defendants have not yet alleged any counterclaims against Plaintiffs, and therefore cannot determine the scope or applicability of any insurance coverage.

Defendants state that they will provide any applicable insurance information covering any possible liability, but are not prepared to do so at this time.

## V. SETTLEMENT

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time. The parties do not request an early settlement conference.

## VI. ALTERNATIVE DISPUTE RESOLUTION

The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case.

Plaintiffs are amenable to any form of non-binding ADR proceeding, but are not amenable to binding ADR. Given Defendants' position during the Rule 26(f) conference, however, Plaintiffs state that ADR is unlikely to be effective in this matter.

Defendants AWA Wrestling Entertainment, Inc. and Dale R. Gagner request a referral for ADR.

## VII. TRIAL BY MAGISTRATE JUDGE

Plaintiffs do not consent to jurisdiction by the Magistrate Judge Pursuant to Title 28 U.S.C. §686 (c)(1), and thus the parties have not reached consensus under that section.

Defendants state that they consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

Dated: June 15, 2007                                      Respectfully submitted,

___s / Surya Saxena_____          ___s / Dale R. Gagner_____
J. Thomas Vitt (#0183817)                                 Dale R. Gagner  (*pro se*)
Surya Saxena (#339465)

DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone: 612-340-2600
Facsimile: 612-340-2868

AWA Wrestling Entertainment, Inc. d/b/a American Wrestling Association
4739 14th Avenue NW #4
Rochester, MN 55901-8208
Telephone: 507-281-8842
Facsimile: 507-281-1973

KIRKPATRICK & LOCKHART PRESTON
    GATES ELLIS LLP
Jerry S. McDevitt (PA # 33214)
Curtis B. Krasik (PA # 81150)
Christopher M. Verdini (PA # 93245)
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222
Telephone: 412-355-6500
Facsimile: 412-355-6501

*Dale R. Gagner on behalf of Defendants AWA Wrestling Entertainment, Inc. and Dale R. Gagner, a/k/a Dale R. Gagne, a/k/a Dale Gagne*

*Attorneys for Plaintiffs World Wrestling Entertainment, Inc. and WWE Libraries, Inc.*