# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION


Minneapolis Boxing & Wrestling
Club, Inc., d/b/a American
Wrestling Association,

        Plaintiff,

                              CIVIL 4-90-297

v.

                                O R D E R

DRE Promotions, Inc. and
Dale R. Gagner,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Vytas M. Rimas, Jo M. Fairbairn, David R. Fairbairn, Kinney &
    Lange, Suite 1500, 625 Fourth Avenue South, Minneapolis,
    MN 55415-1659, for plaintiff.

DRE Promotions, Inc., 7850  142nd Street West, Apple Valley,
    MN 55124, pro se.

Dale R. Gagner, 502 Southwest Second Avenue, Grand Rapids, MN
    55744-3828.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    This matter is before the Court on plaintiff's motion for

entry of permanent injunction.  Plaintiff asks the Court to make

permanent the temporary injunction entered on May 15, 1990.

Because defendants have not opposed the motion, and because the

Court deems it an appropriate disposition of this case, the Court

will grant plaintiff's motion.

FILED   JUN 16 1992
FRANCIS E. DOSAL CLERK
JUDGMENT ENT'D    JUN 16 1992
DEPUTY CLERK'S INITIALS



Accordingly, based on all the files, records and proceedings herein,

**IT IS ORDERED** that:

2.   the May 15, 1990 injunction is made permanent;

2.   the bond submitted by plaintiff on April 27, 1990 is released and discharged;

3.   judgment is entered for plaintiff on the merits; and

4.   no costs, attorneys' fees, interest or disbursements are awarded to any party.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


_____
Judge Harry H. MacLaughlin
United States District Court


DATED: June _16_, 1992

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION


Minneapolis Boxing and
Wrestling Club, Inc. d/b/a
American Wrestling
Association,

        Plaintiff,

v.

DRE Promotions, Inc., Dale R.
Gagner, Ray Whebbe, Jr., and
Alan Eppenstein,

        Defendants.

**CIVIL 4-90-297**

**FINDINGS OF FACT
AND
CONCLUSIONS OF LAW**

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

David M. Fairbairn, Jo M. Fairbairn, Vytas M. Rimas, Kinney &
    Lange, P.A., Suite 1500, 625 Fourth Avenue South,
    Minneapolis, MN 55415-1659, for plaintiff.

Dale R. Gagner, 7850 142nd Street West, Apple Valley, MN
    55124, pro se.

Ray Whebbe, Jr., 1800 Mechanic Avenue, St. Paul, MN 55119,
    pro se.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

    This matter is before the Court on plaintiff's motion for a
preliminary injunction.

    Plaintiff Minneapolis Boxing and Wrestling Club (MBW)
organizes and promotes live and televised professional wrestling
performances under various service marks, most notably the American
Wrestling Association, the AWA, and All Star Wrestling.  Defendant
Dale Gagner began working as an independent contractor for MBW from
approximately September of 1988.  Gagner's primary responsibility
was to solicit purchases of MBW wrestling shows by county fairs and

(10)

FILED    5-15-90

DEPUTY CLERK'S INITIALS   pgh

civic organizations.  Gagner's contract with MBW was terminated on
January 29, 1990 when MBW discovered that Gagner had conducted a
wrestling event as an AWA event without the knowledge,
participation or consent of the MBW.

At the hearing on plaintiff's motion, the MBW presented
evidence that Gagner and his corporation, DRE Promotions, Inc.,
continued to solicit and promote wrestling events using the service
marks and goodwill of the MBW.  The evidence indicated that
defendants represented themselves to be associated with the MBW and
used the names and likenesses of wrestlers who had become familiar
to the public because of their association with the MBW.

Applying the test set out in Dataphase Systems, Inc. v. C L
Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the Court finds that
injunctive relief is warranted to prevent further harm to the
goodwill of MBW and further infringement of its service marks.

Accordingly, based on the foregoing, and upon all the files,
records and proceedings in this case,

IT IS ORDERED that:

1.   Defendants DRE Promotions, Inc. and Dale R. Gagner, their
officers, agents, servants and employees who receive actual notice
of this order are, until further order of this Court, enjoined
from:

(a) using in any manner or in connection with any goods
or services the marks AWA, AMERICAN WRESTLING ASSOCIATION, ALL STAR
WRESTLING, AWA Design Logo or any colorable imitation of those
marks including the phrase "American Wrestling League;"

- 2 -

(b)  making any statement or representation or distributing any promotional material likely to cause others to believe that defendants, their businesses, their services or their goods are in any manner approved, sponsored, licensed, authorized, franchised by, or in any way connected or associated with plaintiff Minneapolis Boxing & Wrestling Club;

(c) causing the breach of any contract between wrestlers and the plaintiff or making unauthorized use of the name or likeness of any wrestler who is under contract with the plaintiff or has performed in a show sponsored by the plaintiff during the preceding six months; and

(d) promoting and advertising all wrestling shows, including providing wrestlers thereto, solicited and entered into by defendants and third parties before the date of this order, including the Mission Creek wrestling shows scheduled to be held on May 28, June 17, July 4 and September 3, 1990.

2.   Defendants DRE Promotions, Inc. and Dale R. Gagner, their officers, agents, servants and employees who receive actual notice of this order are, until further order of this Court, ordered to:

(a)  return all promotional materials, references and all other supplies or material received from plaintiff Minneapolis Boxing & Wrestling Club, Inc.; and

(b)  account by May 30, 1990 for all wrestling shows defendants DRE Promotions, Inc. and Dale R. Gagner have solicited and promoted before the date of this Order, including producing the

- 3 -

name of the event and contact person, and the address and telephone
number and all promotion agreements.

Judge Harry H. MacLaughlin
United States District Court

DATED: May _15_, 1990

– 4 –